UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIAN TIMMERMAN,

         Plaintiff,

      v.

FCA US, LLC,

         Defendant.

Case No. 25-cv-00400-TLT

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 21, 23, 32, 40, 51, 59, 66

Counsel for Plaintiff Adrian Timmerman ("Plaintiff") failed to appear for the final pretrial conference scheduled in person at 10:00 a.m. on July 2, 2026.  Accordingly, for the reasons explained below, the Court orders Larry Chae, Mani Arabi, and Breana Rucker of Strategic Legal Practices, APC ("SLP") to show cause why they should not be sanctioned for failure to appear at the final pretrial conference and for requesting a remote hearing *ex parte*, particularly in light of Plaintiff's repeated failure to timely comply with deadlines and Court orders.

**I.    BACKGROUND**

In this action, Plaintiff brings lemon-law claims for breach of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act") against Defendant FCA US, LLC ("Defendant"). ECF 1-1 ("Complaint" or "Compl.") stemming from his purchase of a 2015 Ram 1500 vehicle ("Vehicle").  The parties have not filed any dispositive motions and have proceeded towards trial, which is currently scheduled to begin on August 10, 2026.  ECF 21 ¶ 1.

On April 24, 2025, the Court issued a Case Management and Scheduling Order requiring Plaintiff to file his motion to remand no later than May 22, 2025.  ECF 21 ¶ 10.  Plaintiff failed to do so, and the hearing scheduled by the Court was vacated.  ECF 23.

On June 11, 2025, the Court ordered the parties to submit a joint status report providing the

name of the mediator and mediation schedule by June 23, 2025.  ECF 22.  The status report was filed a day late.  ECF 24.

On April 9, 2026, the Court noted that the parties had not filed any dispositive motions by the deadline and vacated the hearing date.  ECF 31.

On April 14, 2026, the Court issued an order noting that the parties had failed to timely file a joint case management statement by the required deadline in advance of the April 16, 2026 case management conference.  ECF 32.

On May 20, 2026, Defendant informed the Court that it had elected not to inspect the vehicle at issue.   ECF 39.  At a case management conference on May 21, 2026, the Court expressed its concerns about this matter and confirmed that the parties would be expected to file their pretrial conference documents on June 4, 2026.  ECF 40.

On June 4, 2026, the parties filed certain pretrial documents, but these filings failed to comply with the Court's Standing Order for Civil Jury Pretrial and Trial ("Standing Order") in numerous respects.  ECF 44, 45, 46, 47, 48, 49, 50.  These errors are noted in the Court's Order Regarding Pretrial Documents and include a failure to provide: (1) timely courtesy copies and Word versions of pretrial documents; (2) joint proposed voir dire questions; (3) Defendant's objections to the disputed jury instructions; (4) the names of Defendant's trial witnesses; and (5) the parties' objections to the exhibits filed as part of the pretrial statement.  ECF 51.  Defendant's objections to the disputed jury instructions were filed one week after the Court-ordered deadline in the Order Regarding Pretrial Documents due to Mr. Chae's (Lead Trial Counsel for Plaintiff) inadvertent failure to include Defendant's objections in the relevant filing.  ECF 54-1.

On June 23, 2026, the parties submitted a joint stipulation requesting a one-week continuance of the trial and final pretrial conference scheduled in this matter, or in the alternative, to allow a different attorney to appear on behalf of Plaintiff as Lead Trial Counsel for purposes of the final pretrial conference.  ECF 58.  The reason for the request was that Mr. Chae, Lead Trial Counsel for Plaintiff, would be out-of-state attending his children's competition event.  ECF 58. The Court denied the requested continuance due to the parties' failure to demonstrate good cause for the request, but permitted another attorney to appear in place of Mr. Chae on behalf of Plaintiff

for purposes of the final pretrial conference. ECF 59. The Court has made it clear, on multiple occasions, that the final pretrial conference would be held in person. *See* ECF 21, 31, 61.[1]

On June 26, 2026, the Court issued an Order Regarding Pretrial Matters, which, in relevant part, required: (1) the parties to provide the first and last names of their trial witnesses; and (2) Plaintiff to provide certain clarifications regarding the damages he is seeking no later than June 30, 2026. ECF 60. The trial witness list was filed on June 30, but Plaintiff did not provide clarification regarding his damages until July 1, 2026. ECF 62, 63.[2]

Immediately before the final pretrial conference was scheduled to begin on July 2, 2026, SLP emailed the courtroom deputy *ex parte* to request permission to appear remotely for the final pretrial conference. The final pretrial conference was held in recess while counsel for Defendant reached out to Larry Chae, Mani Arabi and Breana Rucker of SLP to find out if anyone from SLP would be appearing on Plaintiff's behalf at the in-person pretrial conference. Counsel for Defendant did not receive any response from anyone at SLP.

The Court indicated on the record today that a written order to show cause would be filed on the docket.

## II.   ORDER TO SHOW CAUSE

The Court generally may issue "any just orders" to sanction parties or their attorneys for the failure to be prepared for a pretrial conference and failure to comply with Court orders. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (the Court possesses inherent authority to impose sanctions to manage its own affairs to achieve the orderly and expeditious disposition of cases).

Today, Plaintiff's counsel, SLP, failed to appear at the final pretrial conference scheduled

---

[1] On June 29, 2026, the Court notified the parties that it was advancing the pretrial conference from 3 p.m. to 10:00 a.m. on July 2, 2026. ECF 61.

[2] The Court notes that both parties have, at times, failed to comply with the Court's Standing Order and other requirements regarding their pretrial documents. Plaintiff's counsel's failure to appear at the final pretrial conference, however, has precipitated this order to show cause.

United States District Court
Northern District of California

for July 2, 2026 at 10:00 a.m.  Plaintiff's counsel also appears to have violated Local Rule 11-4(c) by submitting an *ex parte* request to the courtroom deputy to appear remotely.  Similarly, the Court has serious concerns regarding Lead Trial Counsel's compliance with his obligations to meet and confer under Local Rule 16-3 and his ability to proceed with trial on the schedule date under Local Rule 40-1.

The Court is particularly concerned in light of Mr. Chae's repeated and recent history of being sanctioned by federal and state courts.  In *Castro v. FCA US, LLC*, No. 24-CV-06274-NW, 2026 WL 1146167, at *1, *5 (N.D. Cal. Apr. 28, 2026), Mr. Chae was sanctioned $500 by Judge Wise because the parties failed to submit any pretrial materials by the required deadline.  According to a declaration Mr. Chae submitted in *Castro*, he has also been sanctioned in *Livingston v. American Honda Motor Company*, No. 30-2023-01326663-CUBC-CJC.  *Castro* ECF 96.  That hearing was on February 13, 2026, and the Honorable Carmen Luege sanctioned Mr. Chae $500 for failure to prosecute and failure to file an *ex parte* motion seeking a trial continuance against both counsel. *Castro* ECF 96.  As set forth in the same affidavit, Mr. Chae was also sanctioned in *Ramirez v. American Honda Motor Co., Inc.*, No. 24TRCV00267.  *Castro* ECF 96.  That hearing was on April 17, 2026, and the Honorable David K. Reinert, sanctioned with non-monetary sanctions for failure to appear for trial and act with due candor to the Court.  *Castro* ECF 96.  The order to show cause was formally discharged, but the Court ordered referral to the California State Bar per Judicial Canon 3(D)(2).  *Castro* ECF 96.  As recently as last month, Mr. Chae was sanctioned $1085.00 by Judge Rocconi in *Pirtle v. FCA US, LLC*, No. 2:25-CV-03257-JAK-MARX, 2026 WL 1850028, at *1–2 (C.D. Cal. June 5, 2026) due to his failure to timely submit a settlement statement, timely appear at a settlement conference, notify plaintiffs of the settlement conference, or timely respond to the order to show cause.

United States District Court
Northern District of California

SLP itself was also sanctioned $10,000 by Judge Stanley Blumenfeld, Jr. in *Chapman v. FCA US, LLC*, No. 2:25-cv-07336-SB-SK (C.D. Cal.) due its misconduct in representing the Plaintiff in that action. As described by the Court in *Chapman*,

> Plaintiff Brittany Michelle Chapman retained Strategic Legal Practices APC (the Firm) to represent her in this consumer warranty action. What followed was not merely inadequate representation but an abdication of counsel's core professional responsibility of providing competent, diligent, and accountable representation. The record reveals a volume-driven business approach to litigation— marked by perfunctory line-level attention, lack of meaningful supervision, and execution falling well below professional standards. Most strikingly, counsel approved and filed critical trial documents that effectively doomed their client's case by requiring Plaintiff to prove she purchased a "new" vehicle, despite the undisputed fact that it was preowned. These deficiencies were further compounded by counsel's failure to conduct a reasonable factual and legal investigation, to comply with basic pretrial obligations and court orders, and to provide timely and adequate responses when called to account. Taken together, the record reflects not isolated error, but a systemic breakdown in professional responsibility warranting sanctions.

*Castro*, 2026 WL 1146167, at *3 (quoting *Chapman* ECF 83).

In *Castro*, Judge Wise also expressed "serious concern about the impact of SLP's failures on not only the Plaintiff in th[at] case, but on all plaintiffs SLP currently represents – each of whom has entrusted SLP to zealously act as their legal representative." *Id.* at *5. This Court has similar concerns to those expressed by Judges Wise and Blumenfeld.

The Court finds it notable that Mr. Chae has been sanctioned multiple times by state and federal courts within the last six months. These problems also appear to be in line with some of the more systemic issues that courts have noted regarding SLP's representation of its clients.

Given Plaintiff's counsel's failure to attend the pretrial conference or to include defense counsel on its *ex parte* request to appear at the pretrial conference remotely, the Court orders Mr. Chae, Mr. Arabi, and Ms. Rucker to show cause why they did not appear at today's final pretrial conference and why SLP submitted an *ex parte* request to appear at the hearing remotely. *See* Fed.

5

R. Civ. P. 16(f); Civ. L.R. 11-4(c).  Plaintiff's counsel is further ordered to show cause why the Court should not impose sanctions of no less than $1,500.00, along with Defendant's expenses incurred in connection with defense counsel's appearance at the pretrial conference.  No later than **July 6, 2026**, each of Mr. Chae, Mr. Arabi, and Ms. Rucker must submit a written response to this order to show cause.  Additionally, Ms. Rucker must submit a separate, sworn declaration explaining whether, and to what extent, she worked on this matter in any capacity.  If Ms. Rucker did not work on this matter in any way, she is not required to submit any further declarations.  Mr. Chae, Mr. Arabi, and Ms. Rucker (to the extent that she worked on this matter in any capacity), must each file a separate, sworn declaration addressing the following:

1. Whether Mr. Chae, Mr. Arabi, or Ms. Rucker, as applicable, has ever been personally sanctioned by any court, regardless of whether the sanction was reportable to the State Bar of California, and if so, in chart format:

   • the date of sanction;

   • the court that issued the sanction;

   • the amount of the sanction; and

   • when the sanction was paid.

2. If the court imposed a sanction on Mr. Chae, Mr. Arabi, or Ms. Rucker, as applicable, other than a monetary sanction, including for example, issue preclusion or dismissal, then provide the date of the sanction, the issuing court, and a description of the sanction.

3. Any instance where a court found Mr. Chae, Mr. Arabi, or Ms. Rucker, as applicable, breached professional conduct obligations, irrespective of any sanction.

4. If Mr. Chae, Mr. Arabi or Ms. Rucker, as applicable, has not personally been the subject of any sanction, he or she must specifically attest to that assertion.

A hearing on the order to show cause is scheduled in person for **Tuesday, July 7, 2026 at 2 p.m. in San Francisco, Courtroom 09, 19th Floor**.  Ms. Rucker may appear by declaration.

6

Mr. Arabi and Mr. Chae are ordered to personally appear at the hearing and will not be permitted to appear remotely or through substituted counsel.

### III. MOTION FOR FAILURE TO PROSECUTE AND SUBMISSION OF DECLARATION REGARDING DEFENSE COUNSEL'S FEES AND EXPENSES

Defense counsel is further invited to submit writing briefing in support of his oral motion under Federal Rule 41 for dismissal of this action and to submit a declaration setting forth his expenses incurred in appearing at the final pretrial conference.  Those submissions should be filed no later than **Monday, July 6, 2026.**

### IV. CONCLUSION

No later than **July 6, 2026**, Mr. Chae, Mr. Arabi, and Ms. Rucker must respond in writing to this order to show cause and must submit the required declarations described above.

By **July 6, 2026**, Defendant is invited to submit a motion for dismissal under Rule 41 and a declaration regarding his expenses incurred in attending the pretrial conference.

On **July 7, 2026**, the Court shall hold a hearing on the order to show cause at **2 p.m. in San Francisco, Courtroom 09, 19th Floor**. Ms. Rucker may appear by declaration.   Mr. Arabi and Mr. Chae are ordered to personally appear at the hearing and will not be permitted to appear remotely or through substituted counsel.

IT IS SO ORDERED.

Dated: July 2, 2026

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California